United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| HENRY THANG,<br><br>        Plaintiff,<br><br>v.<br><br>T-MOBILE US, INC.,<br><br>        Defendant. | Case No. 21-cv-06473-BLF<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>[Re: ECF No. 21] |

Before the Court is Defendant T-Mobile US, Inc.'s motion to stay this action pending the decision of the Judicial Panel on Multidistrict Litigation ("JPML") on a motion to transfer under 28 U.S.C. § 1407 in *In re T-Mobile Customer Data Sec. Breach Litig.*, MDL No. 2019 (J.P.M.L. Aug. 23, 2021). ECF No. 21 ("Motion"). Plaintiff opposes the Motion. ECF No. 30 ("Opp."). The Court finds this matter suitable for disposition without oral argument and VACATES the March 3, 2022 hearing. Civil L.R. 7-1(b). For the reasons discussed below, the Court GRANTS the motion.

"Granting a motion to stay is within the sound discretion of the Court." *Fuller v. Amerigas Propane, Inc.*, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009). The power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (internal quotation marks omitted))).

"In considering whether a stay is appropriate, the Court weighs three factors: [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in

terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014). These factors are drawn from the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936). *Id*.

The first factor considers the possible damage which may result from the stay. Plaintiff first argues that he will suffer prejudice from a stay because he and other putative class members remain at risk of having their personal information compromised by another bad actor. Opp. at 7-8. But Plaintiff offers no evidence that his data remains at risk from the data breach, and the Court cannot find prejudice from mere speculation. Plaintiff also argues that the JPML is unlikely to rule on the pending motion to transfer until next year, resulting in additional prejudice. *Id.* But as T-Mobile points out, the JPML frequently adjudicates motions to transfer only days after oral argument. *See, e.g.*, *In re Blackbaud, Inc. Customer Data Sec. Breach Litig.*, 509 F. Supp. 3d 1362 (J.P.M.L. 2020) (creating MDL twelve days after hearing). With oral argument scheduled for December 2, 2021, the JPML is likely to rule before the end of the year or at the beginning of January. A stay of that length is minimal and will not prejudice Plaintiff. This factor favors a stay.

With respect to the second factor, the Court finds that the Parties will suffer prejudice having to go forward at this juncture. Both Parties would begin litigating pre-trial issues and enter discovery, resulting in a potential waste of their resources if the JPML then transfers all the cases to a single forum. This prejudice would be particularly stark for T-Mobile, who would be forced to litigate the same issues and claims in multiple forums prior to any action by the JPML. Plaintiff's argument that T-Mobile will eventually be required to undertake this work (Opp. at 5-6) is unconvincing. If the JPML transfers this and other actions to a different forum, T-Mobile would have to proceed according to the rules and rulings of the MDL court, which could differ from those here. This factor thus also weighs in favor of a stay.

Finally, the Court finds that a stay will serve the orderly course of justice. T-Mobile is correct that it would not be efficient for this Court to take up pre-trial issues and make rulings given the imminent possibility that the JPML will transfer this action to a different forum. Motion

at 6-7. And again, if this action is transferred elsewhere, it would be more efficient to allow the MDL court to make rulings that apply to all the transferred cases, without any potential for conflict with pre-trial rulings issued by courts that previously held the individual cases. This factor favors a stay.

Because all three factors favor a stay, the Court will grant T-Mobile's Motion. As T-Mobile notes, stays have been entered in many of the other related cases it faces, including two before this Court. ECF No. 39 at 2 (19 stays entered by 6 different courts); *see also Avrech v. T-Mobile USA, Inc.*, No. 21-cv-6660-BLF (stay by stipulation); *Lang v. T-Mobile USA, Inc.*, No. 21-cv-6879-BLF (same).[1]

For the foregoing reasons, IT IS HEREBY ORDERED that T-Mobile's motion to stay is GRANTED. The Parties SHALL file a joint status report within 10 days of the JPML's decision on the pending motion to transfer.

Dated: October 29, 2021

*signature*

BETH LABSON FREEMAN
United States District Judge

---

[1] T-Mobile has filed a motion to stay in the third related case before this Court. *Shanmukh v. T-Mobile USA, Inc.*, No. 21-cv-6473-BLF. Plaintiff has not yet responded to that motion.